## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

AERIELLE WYNN,

Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,

Agency.

DOCKET NUMBER
AT-0752-20-0497-X-1

DATE: March 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Aerielle Wynn, Montgomery, Alabama, pro se.

Mary Sellers, Montgomery, Alabama, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

In a January 25, 2021 compliance initial decision granting the appellant's petition for enforcement, the administrative judge found the agency in partial noncompliance with the Board's final decision reversing the appellant's demotion on due process grounds. *Wynn v. Department of Veterans Affairs*, MSPB Docket

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

No. AT-0752-20-0497-C-1, Compliance File (CF), Tab 4, Compliance Initial Decision (CID); *Wynn v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-20-0497-I-1, Initial Appeal File, Tab 8, Initial Decision (ID). For the reasons discussed below, we now FIND the agency in compliance and DISMISS the appellant's petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

In a June 8, 2020 initial decision, the administrative judge found that the agency failed to provide the appellant due process in effecting her demotion from her position of Medical Administration Officer, GS-0301-12, to Administrative Officer, GS-0341-11. ID at 3-4. Therefore, he reversed the demotion and ordered the agency to restore the appellant to the Medical Administration Officer, GS-0301-12, position effective April 26, 2020, and to provide her the appropriate amount of back pay with interest and benefits. ID at 4. The June 8, 2020 initial decision became the final decision of the Board after neither party filed a petition for review by July 13, 2020. ID at 6.

In a December 4, 2019 petition for enforcement, the appellant argued that the agency was not in compliance with the Board's final decision because she had still not been restored to her prior position of Medical Administration Officer, GS-0301-12. CF, Tab 1. In the January 25, 2021 compliance initial decision, the administrative judge agreed, finding that, although the agency demonstrated that it had canceled the appellant's demotion, returned her to a GS-12 position, and paid her the appropriate amount of back pay and benefits, it failed to show that it had returned her to the specific position she occupied prior to the reversed demotion, i.e., Medical Administration Officer, GS-0301-12. CID at 4. The administrative judge considered the agency's justification for failing to do so— namely, that someone else now encumbered her former position—but found this was insufficient to constitute a strong overriding interest for assigning the appellant to a different position. CID at 5. Regarding the agency's assertion that

it was in compliance because it recently offered the appellant a Health Systems Specialist position, he found that the agency failed to show that such position was the same as the position from which she was demoted. CID at 4 n.1. Thus, the administrative judge granted the appellant's petition for enforcement and ordered the agency to restore the appellant to the position of Medical Administration Officer, GS-0301-12. CID at 5.

On January 29, 2021, the agency notified the Board that it was in compliance with the Board's final decision and submitted a January 3, 2021 Standard Form 50 (SF-50) reflecting that the appellant occupied the GS-0301-12 Medical Administration Officer position. *Wynn v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-20-0497-X-1, Compliance Referral File (CRF), Tab 1.[2] The appellant objected to the agency's claim of compliance, explaining that, although she held the Medical Administration Officer position on paper, she had not been assigned to the position since 2019. CRF, Tab 2. In addition, she provided evidence showing that the agency placed her on a temporary detail to the Safety Service Line effective February 19, 2020, until further notice and that, as late as December 29, 2020, she was still reporting to the Safety Service Chief. *Id.* at 8, 11.

On April 8, 2021, the Board ordered the agency to respond to the appellant's challenges to its compliance. CRF, Tab 4. In an April 28, 2021

---

[2] As noted in the compliance initial decision, the Board's regulations provide that, upon a finding of noncompliance, the party found to be in noncompliance must do the following: (i) To the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and/or (ii) To the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-.115. 5 C.F.R. § 1201.183(a)(6). As the agency has submitted evidence of compliance and neither party filed a petition for review, the appellant's petition for enforcement has been referred to the Board for a final decision on issues of compliance pursuant to 5 C.F.R. § 1201.183(c). CRF, Tab 3.

submission, the agency stated that the appellant was no longer on detail and provided an SF-50 reflecting that she was reassigned effective January 17, 2021, to the position of Health System Specialist, GS-0671-12, in the Office of the Director. CRF, Tab 5. The agency stated that the appellant's current position is "substantially equivalent in scope and status to her former position." *Id.* at 5. In response, the appellant again argued that the agency had not complied with the Board's order. CRF, Tab 6. She explained that, although she had applied for and accepted the Health System Specialist position, she did so only because of the agency's continued noncompliance, which forced her to "seek alternative opportunities instead of literally sitting on a detail doing nothing day in and day out, waiting for them to comply." *Id.* at 4-5. In addition, she argued that the duties of the Health System Specialist position are not similar to those of the Medical Administration Officer position and that the two positions are not in the same job series, do not have the same occupational code, and do not have the same promotion potential. *Id.* at 4-5.

In a September 27, 2021 submission, the appellant notified the Board that she had been informed that she was now being returned to her former position as a Medical Administration Officer. CRF, Tab 8 at 3. She objected to this action, however, arguing that the agency was involuntarily reassigning her from her new position, which she had applied for and accepted. *Id.* She stated that she did not accept or approve the reassignment back to her former position and that she would "not be going." *Id.* at 3-4.

On October 29, 2021, the agency submitted a supplemental compliance response reflecting that, on September 23, 2021, it canceled the appellant's reassignment from the Medical Administration Officer position to the Health System Specialist position. CRF, Tab 9 at 9. The agency stated the cancellation operated to return the appellant to her former position effective April 26, 2020. *Id.* at 5. The agency also provided an October 12, 2021 letter to the appellant informing her that she was being permanently returned to her former position as a

Medical Administration Officer, GS-0301-12, effective October 24, 2021, and directing her to report for duty. *Id.* at 10. In addition, the letter stated that all records regarding her reassignment to the Health System Specialist position had been removed from her record. *Id.*

In an April 15, 2022 order, the Board directed the agency to address the appellant's contention that the agency had improperly involuntarily reassigned her from the Health System Specialist position, which she applied for and accepted as a result of the agency's compliance delays, and whether its decision to involuntarily reassign her from the Health System Specialist position and remove references to it from her personnel file had placed the appellant in a worse position than she would have been in had the reversed demotion not occurred. CRF, Tab 10 at 3-4. The order informed the appellant of her right to respond to the agency's submission and cautioned her that, if she did not respond, the Board may assume that she is satisfied and dismiss the petition for enforcement. *Id.* at 4.

In a May 20, 2022 response, the agency asserted that it did not improperly involuntarily reassign the appellant from the Health Systems Specialist position to the Medical Administration Officer position because it had to effect this reassignment pursuant to the Board's orders and because the appellant had consistently argued that she was entitled to be returned to that position, even after accepting the Health System Specialist position. CRF, Tab 13 at 10. The agency further stated that the appellant was not in a worse position than if the reversed demotion had not occurred because, although the SF-50 reassigning her to the Health System Specialist position had been removed from her official personnel file, she was free to include that experience on her resume and had received an "excellent" performance appraisal from her work in that position that she could use to her advantage. *Id.* at 10-11.

The appellant did not respond to the agency's May 20, 2022 submission.

**ANALYSIS**

When the Board corrects a wrongful personnel action, it is required to ensure that the employee is returned, as nearly as possible, to the status quo ante. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984). Restoration to the status quo ante requires that the employee be placed back in her former position or in a position substantially equivalent in scope and status to her former position. *Taylor v. Department of the Treasury*, 43 M.S.P.R. 221, 224-25 (1990).

As described above, the agency's evidence reflects that it has now complied with the outstanding compliance obligation identified in the compliance initial decision by restoring the appellant to her former position of Medical Administration Officer, GS-0301-12. CRF, Tabs 9, 13; CID at 4-5. Although the appellant was dissatisfied with the agency's delays and the fact that it only restored her to her former position after she accepted the Health System Specialist position, she does not dispute that the agency has in fact now restored her to former position in compliance with the Board's order.[3] CRF, Tab 8. In addition, she did not respond to the agency's May 20, 2022 submission addressing her allegations regarding her reassignment back to her former position after she accepted the Health System Specialist position, despite being cautioned that the Board may assume she was satisfied in the absence of a response. Moreover, since being returned to her former position in October 2021, the appellant has not filed anything further with the Board indicating that she still objects to being returned to her former position pursuant to the Board's order.

_____

[3] In notifying the Board of her objection to the agency's decision to return her to her former position in October 2021, the appellant argued that she "deserves to be compensated for what [she has] been put through." CRF, Tab 8 at 3-4. However, the Board lacks the authority to award punitive damages or compensatory damages in compliance cases. *Cunningham v. Department of Veterans Affairs*, 91 M.S.P.R. 523, ¶ 3 (2002). Although the Board has the authority to impose sanctions for failure to comply with any order, the Board does not award damages as a sanction. *Id.* Moreover, in view of the agency's compliance, the imposition of sanctions would be inappropriate. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 8 (2010).

Accordingly, we assume that the appellant is satisfied. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

In light of the foregoing, we find that the agency has established that it is in compliance with its outstanding compliance obligation and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.